## No. 1138.
### S. MARX VS. L. D. ALLEN, JR. AND G. A. SINGER.

A verdict of a jury on questions of fact as to which the testimony is directly conflicting will not be disturbed unless manifestly insupportable.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*R. G. Cobb* and *R. Richardson* for Plaintiff and Appellant.

*T. Stillman* and *Boatner & Boatner* for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J. The action is one for $10,000 damages alleged to have been caused to plaintiff by the act of defendants in sending an unauthorized telegram in the name of plaintiff to the officers of the steamer Hanna, then on her way to New Orleans and having on board fourteen bales of cotton shipped by plaintiff under bill of lading to Gumbel Bros. & Meyer, of New Orleans, said telegram directing the boat to ignore the bill of lading and to deliver the cotton to Lehman, Abraham & Co., in obedience to which the officers of the boat actually diverted the cotton as directed.

The charge is a serious one, being tantamount to forgery, and if sustained, established a wanton and outrageous interference with plaintiff's business, which would certainly entitle him to damages.

Plaintiff's counsel pithily says: "There is but one question to be determined: Was Singer authorized by Marx to send the telegram? If he was, of course plaintiff is entitled to no damages. If unauthorized, plaintiff is clearly entitled to a judgment for some amount."

The case was submitted to a jury at the prayer of plaintiff.

The jury returned a verdict for defendants. It was approved by the district judge, who overruled a motion for a new trial.

The evidence is diametrically conflicting, defendant Singer positively swearing that Marx distinctly authorized and directed him to send the dispatch in his name, while Marx and his son as positively swear to the contrary.

There are circumstances tending to confirm the truth of Singer's testimony, besides the presumption of innocence, which is powerful against the probability of a man filling the responsible position of cashier and partner in the leading banking firm of the place, committing such an act.

The jury evidently believed Singer, and we may suppose the judge did not consider their action unreasonable.

We can discover nothing to justify us overturning their conclusion.

Judgment affirmed.